# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 2724 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ILLINOIS BELL TELEPHONE | ) | |
| COMPANY d/b/a AT&T ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Keith Jones brings this suit against his employer, Defendant Illinois Bell Telephone Company, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"). Illinois Bell filed a motion to dismiss arguing that, despite Jones's involvement in a collective action suit against the employer, the claims should be dismissed to the extent they encompass activity that dates earlier than three years before the individual suit was filed. For the reasons discussed below, Illinois Bell's motion to dismiss [11] is granted as to Jones's claim for unpaid wages related to pre-shift work and denied as to Jones's claim for work done during his lunch break.

## Factual and Procedural Background

Jones worked as a technician for Illinois Bell. Am. Compl. ¶ 9. He alleges that he was required to perform various tasks, such as preparing his truck, before leaving the garage to perform his assigned jobs for the day. Am. Compl. ¶¶ 18–19. In order to perform these tasks, Jones had to come to the garage thirty minutes before the start of his shift. Am. Compl. ¶ 21. Jones alleges that his supervisors knew that he was not being paid for the time it took him to complete these tasks. Am. Compl. ¶ 23.

Jones also alleges that each day he was deducted thirty minutes from his time for lunch, whether or not he took the break. Am. Compl. ¶¶ 27, 31. As with his pre-shift work, Jones alleges that his supervisors were aware that he was not being paid for the time he worked through lunch. Am. Compl. ¶¶ 29–30.

On January 17, 2011, several Illinois Bell employees filed an FLSA collective action and an IMWL class action. Am. Compl. ¶ 1, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 11. The *Blakes* complaint alleges (1) that Illinois Bell employees were deducted a half-hour break for lunch even if they were working and (2) that the employees had to stay past the end of their shift to perform various tasks. Am. Compl. ¶¶ 21–36, *Blakes*, No. 11-cv-0336. Jones opted in to the collective action. Am. Compl. ¶ 1. Although the collective action in *Blakes* was conditionally certified, following discovery the judge decertified the collective action as to several claims, including the claims based on unpaid wages during the lunch break. *See* Mem. Op. & Order, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 233. The members of the collective action were given until February 28, 2014, to file individual suits based on the decertified claims. *See* Min. Entry, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 239.

On February 28, 2014, Jones joined over one hundred employees in a suit against Illinois Bell based on some of the claims that had been decertified. *See* Compl., *Tinoco v. Ill. Bell Tel. Co.*, No. 14-cv-1456, ECF No. 1. Chief Judge Castillo severed the plaintiffs' misjoined claims and allowed them to file individual actions by July 30, 2015. *See* Order, *Adkins v. Ill. Bell Tel. Co.*, No. 14-cv-1456, ECF No. 146. Jones filed his complaint in this case on June 12, 2015.

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading

standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Analysis

The statute of limitations for claims under the FLSA is two years for ordinary claims and three years for willful violations. 29 U.S.C. § 255(a). The statute of limitations under the IMWL is three years. 820 Ill. Comp. Stat. 105/12(a). Illinois Bell agrees that, at a minimum, the statute of limitations is to be measured from the time the complaint was filed before Chief Judge Castillo in *Tinoco*. *See* Mem. Supp. Mot. Dismiss 5. The question presented here is whether the *Blakes* collective action tolls Jones's claims even further.

In *American Pipe and Construction Company v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). This form of tolling lasts "only during the pendency of the motion to strip the suit of its class action character." *Id.* at 561. The rule from *American Pipe*, which dealt with a plaintiff who had intervened in the class action, was later extended to plaintiffs who filed individual suits following the denial of a motion for class certification. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983).

Although the Seventh Circuit has not articulated a standard for when a newly filed case benefits from tolling due to a previously filed class action, other courts in this district have described the rule as requiring that the new claims be substantially similar to those brought in the original class action. *See Finwall v. City of Chi.*, 2007 WL 2404611, at *2 (N.D. Ill. 2007); *Sellers v. Bragg*, 2005 WL 1667406, at *6 (N.D. Ill. 2005). That is, the new suit must raise claims "that concern the same evidence, memories, and witnesses as the subject matter of the original class suit." *Sellers*, 2005 WL 1667406, at *6 (quoting *American Pipe*, 414 U.S. at 562 (Blackmun, J., concurring)); *see also Crown, Cork & Seal*, 462 U.S. at 355 (Powell, J., concurring). Given that the main concern is notice to the defendant, it makes sense that this standard should be similar to the rule governing relation-back of amendments to a complaint. *See* Fed. R. Civ. P. 15(c).

Here, Jones's claims can be separated into two categories of activities for which he was not paid: (1) his pre-shift duties, and (2) working through his lunch break. *See* Mem. Supp. Mot. Dismiss 1. The pre-shift duties were not part of the class action complaint in *Blakes*. Instead, the allegations in that case related only to lunch and post-shift work done by the employees. *See*

4

*generally* Am. Compl., *Blakes*, No. 11-cv-0336. Despite Jones's attempt to call all unpaid work a single claim, the evidence required to prove the pre-shift portion of the current complaint would be very different from the evidence that will be used to prove the allegations involving his lunch break. Accordingly, the pre-shift claims are dismissed to the extent that they accrued prior to February 28, 2011—three years from the filing of the individual suit in *Tinoco*.[1]

The lunch break allegations, however, were part of the *Blakes* collective action suit. The complaint in that case contained allegations that Illinois Bell employees had to work during the lunch break, even though they were not paid for it. Am. Compl. ¶¶ 17, 26, *Blakes*, No. 11-cv-0336. That claim is nearly identical to the one being presented by Jones in this case. *Cf.* Am. Compl. ¶¶ 27–31. Although Illinois Bell attempts to distinguish the type of work that was alleged in the *Tinoco* case from that alleged here, the nature of the allegations are substantially the same and the evidence required to prove the lunch allegations in *Blake* and those in this case is indistinguishable. Thus, the statute of limitations for Jones's lunch claims are calculated from the time Jones filed his consent to the *Blakes* litigation.[2]

---

[1] To the extent that Jones cannot prove that the violations of FLSA were willful, the cutoff date is February 28, 2012.

[2] For collective actions, the action is considered to be commenced on the date when the individual consents. *See* 29 U.S.C. § 256.

## Conclusion

For the reasons stated herein, Illinois Bell's motion to dismiss [11] is granted as to Jones's claim for unpaid wages related to pre-shift work and denied as to Jones's claim for work done during his lunch break.


**IT IS SO ORDERED.**                    **ENTERED 12/21/15**

_____
**John Z. Lee**
**United States District Judge**